# STATE OF TENNESSEE
## CIRCUIT COURT OF DECATUR COUNTY, TENNESSEE

### SUMMONS IN A CIVIL ACTION

```
RECEIVED
JUN 23 2010
LAW DEPT. TJR
```

Betty Bell

VS.

Western Reserve Life Assurance Company of Ohio

Docket No. _10-CV-24_
JURY DEMANDED

```
JUN  3 2010
11:30 AM
```

To the above named defendant:

Western Reserve Life Assurance Company of Ohio
by the Tennessee Commissioner of Insurance
500 James Robertson Pkwy.,
Nashville, Tennessee 37219

You are hereby summoned to defend a civil action filed against you in the circuit court, Decatur County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiffs' attorney at the address listed below. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief sought in the complaint.

| | |
|---|---|
| **Attorney for plaintiff:**<br><br>Bradford D. Box, (BPR No. 16596)<br>Nathan E. Shelby, (BPR No. 26583)<br>Rainey, Kizer, Reviere & Bell, P.L.C.<br>P. O. Box 1147<br>Jackson, TN 38302-1147<br>(731) 423-2414 | Filed, Issued & Attested this the _3_ day of _June_, 2010.<br><br>_Danny Tanner_<br>Circuit Court Clerk<br><br>_Kelly Harden_<br>Deputy Clerk |
| **TO THE PROCESS SERVER:**<br>Please execute this summons and make your return within thirty (30) days of issuance as provided by law. | **DATE RECEIVED**<br><br><br>Process Server |

,09919-68673 (BDB)

## IN THE CIRCUIT COURT OF DECATUR COUNTY, TENNESSEE

BETTY BELL                                      )
                                                )
      Plaintiff,                             )
                                                )
v.                                              )      Docket No. _10-CV-24_
                                                )      JURY DEMANDED
WESTERN RESERVE LIFE ASSURANCE                  )
COMPANY OF OHIO,                                )
                                                )
      Defendant.                             )

FILED
JUN 3 2010
11:28 AM

RECEIVED
JUN 2 3 2010
LAW DEPT. TJR

## COMPLAINT

The Plaintiff, Betty Bell, by and through counsel, brings this civil action against the Defendant for its actions and breach of contract, violation of Tennessee statutory law, violation of Tennessee common law, violation of the Plaintiff's constitutionally guaranteed rights, and other wrongs.

## JURISDICTION AND VENUE

1.     Betty Bell is a citizen and resident of Decatur County, Tennessee.

2.     Western Reserve Life Assurance Company of Ohio is a foreign corporation, registered to do business in the State of Tennessee.

3.     Western Reserve Life Assurance Company of Ohio offers Variable Universal Life Insurance, Universal Life Insurance, Term Life Insurance, and other services related, but not limited to, the insurance industry in many states, including Tennessee.

4.     Western Reserve Life Assurance Company of Ohio offered life insurance coverage for the life of William Armstrong Bell.

1

.09919-68673 (BDB)

5.    The advertisement and enticement which preceded the execution of the life insurance contract took place in Decatur County, Tennessee. Further, the contract was executed in Decatur County, Tennessee.

## FACTUAL ALLEGATIONS

6.    Policy number 01B0496786, issued by Western Reserve Life Assurance Company of Ohio, insured William Armstrong Bell's Life in the amount of $160,000.00.

7.    Policy number 01B0496786 had an effective policy date of September 20, 2000.

8.    This Policy had a "No Lapse Date" of September 20, 2003.

9.    Betty Bell was the beneficiary of Policy number 01B0496786.

10.   The insurance Policy provided by Defendant is in the sole possession of the Defendant.  The policy provided to the Tennessee Commissioner of Insurance in response to Plaintiff's Complaint was merely a specimen copy and no certified copy has been provided in response to Plaintiff's request.  Upon receipt, a copy will be filed with the court.

11.   William A. Bell died on May 22, 2009.

12.   On May 22, 2009, Policy number 01B0496786 was in full force and effect as all owed premium payments were timely received by Defendant pursuant to the policy.

13.   Although the Defendant timely received all premiums due and owing, Defendant informed Plaintiff that the Policy had lapsed.

14.   Believing the Policy lapsed; Plaintiff completed an application for

2

09919-68673 (BDB)

reinstatement of the Policy insuring William Bell.

15.    Defendant received this application and all necessary fees on May 18, 2009.

16.    Plaintiff completed this application as instructed by Rita Vaughn, an agent of Defendant. Defendant is bound by the representations made by its agent, Rita Vaughn under the principles of Respondeat Superior and Agency.

17.    Defendant refused to pay the benefits owed pursuant to Policy number 01B0496786 upon the death of William A. Bell.

18.    Policy number 01B0496786 never lapsed, because the Defendant received premium payments in a timely manner.  In the alternative, if Policy number 01B0496786 lapsed, the policy was reinstated prior to the death of William A. Bell and Defendant is estopped from denying coverage based upon an alleged incomplete application as Plaintiff completed the application according to the instructions provided by Defendant's agent Rita Vaughn.

19.    Following the death of William Bell, Plaintiff demanded payment pursuant to the policy in a timely manner.

20.    The Plaintiff provided all documents requested by Western Reserve Life Assurance Company of Ohio for claim.

21.    From the date of the demand for payment, more than sixty (60) days have elapsed prior to the filing of this action.

22.    The Defendant was required to pay $160,000.00 upon the death of William Bell.

23.    Plaintiff assisted in the investigation of this claim launched by Western

3

. 09919-68673 (BDB)

Reserve Life Assurance Company of Ohio.

24.　　While Defendant conducted an investigation, Defendant never intended to pay Plaintiff's claim.


## CAUSES OF ACTION

## COUNT I- BREACH OF CONTRACT

25.　　Paragraphs 1-24 are hereby re-alleged as if they were fully restated herein.

26.　　William A. Bell entered into a valid contract for insurance covering his life.

27.　　Plaintiff Betty Bell is the beneficiary under the valid contract for insurance covering the life of William Bell.

28.　　Under the contract, Defendant was required to pay $160,000.00 upon the death of William Bell, and Plaintiff made a timely demand for payment that was refused.

29.　　Plaintiff has suffered losses due to the death of William Bell.

30.　　Defendant refused to pay according to the executed contract.


## COUNT II- TENNESSEE CONSUMER PROTECTION ACT

31.　　Paragraphs 1-30 are hereby re-alleged as if they were fully restated herein.

32.　　Plaintiff brings this action under the Tennessee Consumer Protection Act (the "Act"), Tenn. Code Ann. §§ 47-18-101 et seq.

33.　　Plaintiff is a consumer, natural person, or individual and thus qualifies as a

4

09919-66673 (BDB)

"person" under Tenn. Code Ann. § 47-18-109(3).

34.     The Tennessee Consumer Protection Act is to be liberally construed in favor of the consumer according to the plain language of Tenn. Code Ann. § 47-18-102.

35.     Defendant is a "corporation" or "other legal or commercial entity however organized" and thus is a "person" under Tenn. Code Ann. § 47-18-103(9).

36.     Defendant engaged in trade or commerce as defined by Tenn. Code Ann. § 48-18-103(11).

37.     Providing insurance under a valid insurance policy in exchange for payment or premiums constitutes trade or commerce under the Act.

38.     The contract provides coverage for the death of William Bell in the amount of $160,000.00.

39.     Defendant's refusal to pay the claim pursuant to the application and policy constitutes an unfair or deceptive act or practice as defined by the Act.

40.     Defendant negligently handled this claim and negligently failed to pay this claim.

41.     Defendant negligently investigated this claim, leading to its wrongful denial.

42.     Defendant either intentionally or negligently refused to investigate this matter fully and, as a result, wrongfully denied the claim.

43.     Defendant turned a "blind eye" to the truth in this matter in order to deny the claim.

44.     Defendant denied the claim in hopes that the Plaintiff would not seek any further legal action.

45.     Defendant has denied the claim in an attempt to "play the numbers" that the Plaintiff will either be worn down so that the case may be settled for a lesser amount, or that the Plaintiff may simply give up her claim.

46.     Defendant has denied a valid claim with knowledge that no valid reasons exist to deny the claim.

47.     These unfair and deceptive acts or practices by Defendant violate the Act.

48.     Defendant violated the Act by committing or engaging in unfair or deceptive acts or practices affecting the conduct of any trade or commerce and constituted unlawful acts or practices.

49.     Defendant falsely passed off goods or services as those of another under Tenn. Code Ann. § 47-18-104(b)(1) as the Policy stated that it would not lapse after September 20, 2003.

50.     Defendant used deceptive representations in connection with goods or services in violation of Tenn. Code Ann. § 47-18-104(4) by alleging that the policy lapsed and in its deceptive premium charges.

51.     Defendant advertised goods or services with the intent not to sell them as advertised under Tenn. Code Ann. § 47-18-104(b)(9).

52.     Defendant used statements or illustrations in an advertisement which created a false impression of the amount or quality of the services offered and misrepresented the policy in such a manner that later, on disclosure of the true facts, Plaintiff would have switched from the advertised policy to another policy in violation of Tenn. Code Ann. § 47-18-104(b)(21).

53.     Defendant engaged in acts and practices that are deceptive to the

6

. 09919-68673 (BDB)

consumer and other persons in violation of Tenn. Code Ann. § 47-18-104.

54.     Plaintiff has suffered an ascertainable loss of money as a result of the use or employment by Defendant of an unfair or deceptive act or practice that is unlawful under the Act.

55.     The collection of premiums from Plaintiff and the deceased for a policy that does not provide coverage constituted a deceptive act by Defendant.

56.     Defendant's actions in denying a valid claim constitute a pattern and practice of listed unfair and deceptive acts, thereby warranting an award of punitive damages.

57.     Defendant violated Tenn. Code Ann. § 47-18-104(b)(12) by representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law.

58.     Defendant violated Tenn. Code Ann. § 47-18-104(b)(5) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has a sponsorship approval status, affiliation or connection that such person does not have.

59.     Defendant violated Tenn. Code Ann. § 47-18-104(b)(7) by representing that goods or services are a particular standard, quality, or grade, or that goods are of a particular style or model, if they are another.

60.     Defendant violated Tenn. Code Ann. § 47-18-104(b)(9) by advertising goods or services with the intent not to sell them as advertised.

61.     Defendant violated Tenn. Code Ann. § 47-18-104(b)(19) by representing that a guarantee or warranty confers or involves rights or remedies which it does not

7

·09919-68673 (BDB)

have or involve.

62.     Pursuant to Tenn. Code Ann. § 47-18-112, the Act's remedies are cumulative and supplemental to all other existing remedies. The Act does not prohibit or exclude the use of another remedy.

63.     Defendant's activities do not fit or meet any of the exceptions to the Act specified in Tenn. Code Ann. § 47-18-111.

64.     Defendant committed the following acts without limitation that are also unfair or deceptive practices.  Thus, Plaintiff is entitled to recover under the Act.

    a.  Defendant knowingly misrepresented relative facts or policy provisions relating to the coverage at issue.

    b.  Defendant failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies.

    c.  The payment of this claim is not governed by more specific standards; therefore, Defendant failed to attempt in good faith to effectuate prompt, fair and equitable settlement of the claim submitted by this Plaintiff in which its liability is clear.

    d.  Defendant has compelled the beneficiary to a life insurance contract to institute suit to recover amounts due under its policies by offering substantially less than the amounts ultimately to be recovered in this suit brought by Plaintiff.

    e.  Defendant has refused to pay this claim without conducting a reasonable investigation, and failed to promptly provide a reasonable and accurate explanation for the basis of such action.

·09919-68673 (BDB)

f.   Defendant has engaged in an unfair trade practice from and in this
State and an unfair method of competition or unfair deceptive act or
practice in the business of insurance. Further, the Defendant has
committed this with such frequency as to indicate a general business
practice.

g.   Defendant had made, issued, circulated or caused to be made, issued
or circulated an estimate, illustration, circular, or statement, sales
presentation, omission or comparison that misrepresents the benefits
advantages and conditions of a term or policy; uses a name or title of a
policy or class of policies misrepresenting the true nature of the policy
or class of policies or; and it is a misrepresentation including an
intentional misquote or premium rate for the coverage allotted and for
the purpose of inducing or tending to induce the purchase lapse for
future exchange or conversion or surrender of any policy.

h.   Defendant has made, published, disseminated, circulated or placed
before the public, or caused, directly or indirectly to be made,
published, disseminated, circulated or placed before the public in a
newspaper, magazine or other publication, or in the form of a notice,
circular, pamphlet, letter or poster, or over any radio or television
station, or in any other way, an advertisement, announced or
statement containing an assertion, representation or a statement with
the respect to the business of insurance or with the respect to any
insurer and the conduct of its business, that is untrue, deceptive, and

· 09919-68673 (BDB)

misleading.

i.   Defendant has made or permitted to be made an unfair discrimination between individuals of the same class and essentially the same hazard in the amount of premium, policy fees or a rate charge for any accident insurance and the benefits payable under any accident insurance and in the terms or conditions of the policy.

j.   Defendant has made misrepresentations in its insurance application by making a false or fraudulent statement of representation relative to an application for a policy for the purpose of obtaining a fee, commission, money, or other benefit from an individual person.

k.   All of these actions are violations of the Act, for which Plaintiff is entitled to recover all damages allowable under the Act, including punitive damages.

65.   Plaintiff brings this action to recover damages permitted by the Act.

66.   Defendant's unfair or deceptive acts or practices were willful or knowing and Plaintiff is entitled to treble damages under Tenn. Code Ann. § 47-18-109.

67.   The acts and practices of insurance companies such as Defendant are not outside the scope of the Act.

68.   This Defendant should be held liable under the Act because its advertising, execution of the policy, handling of the claim, and denial of the claim were unfair and deceptive.

69.   As a result of Defendant's violation of the Act, Plaintiff suffered losses.

09919-68673 (BDB)

## COUNT III- BAD FAITH REFUSAL TO PAY

70.      Paragraphs 1-69 are re-alleged as if they were fully restated herein.

71.      Plaintiff made a demand for payment under a valid insurance policy pursuant to Tenn. Code Ann. § 56-7-105.

72.      Defendant has no basis for denying the claim.

73.      Defendant has refused to pay the claim.

74.      Defendant's actions refusing to pay the claim were not in good faith.

75.      Following the demand for payment of the claim, Plaintiff waited sixty (60) days to file this action.

76.      As a result of Defendant's actions, Plaintiff has suffered losses and is entitled to the bad faith penalty as defined by Tenn. Code Ann. § 56-7-105.

## COUNT IV-NEGLIGENCE

77.      Paragraphs 1-76 are hereby re-alleged as if they were fully restated herein.

78.      Defendant owed Plaintiff a duty to investigate the claim properly before determining that it was not responsible for payment.

79.      Defendant, by accepting premium payments on the insurance policy, further owed Plaintiff a duty to pay valid claims.

80.      Defendant owed Plaintiff a duty to not provide misleading, false, or intentionally misrepresent the coverage of a policy being applied for under such application.

81.      Defendant has breached all of these duties to Plaintiff by failing to pay the

11

09919-68673 (BDB)

valid claim and by committing other actions as listed herein.

82.   Defendant acted willfully, recklessly, and/or intentionally, thus entitling Plaintiff to an award of punitive damages.

83.   Because Defendant breached these duties, Plaintiff has suffered damages.

## COUNT V- UNJUST ENRICHMENT

84.   Paragraphs 1-83 are hereby re-alleged as if they were fully restated herein.

85.   Defendant accepted premium payments to insure the life of William A. Bell.

86.   Defendant has refused to provide the insurance for which premiums were paid.

87.   As a result, Plaintiff has suffered damages.

## COUNT VII- FRAUD

88.   Paragraphs 1-87 are hereby re-alleged as if they were fully restated herein.

89.   Defendant constantly changed the premiums owed on Policy number 01B0496786.

90.   Defendant knew that Plaintiff had timely paid all premiums due.

91.   Defendant intended to coerce Plaintiff into spending the maximum amount of money for coverage that Defendant knew that Plaintiff would not actually receive.

09919-68673 (BDB)

92.     Defendant knew that its actions would force Plaintiff to rely on its fraudulent representations and to continue to remit payments for coverage that Defendant would not provide.

93.     Plaintiff relied on Defendant's fraudulent representation.

94.     Defendant charged Plaintiff for coverage that Plaintiff never received.

95.     As a result of all of these actions, Plaintiff has suffered damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1.     For a jury of twelve (12) to try this action.

2.     For Plaintiff to be granted a judgment against Defendant for the sum of money to be determined by the jury to be sufficient to compensate her for the damages complained herein.

3.     For the full value of the policy.

4.     That Plaintiff be awarded reasonable attorney's fees pursuant to the Tennessee Consumer Protection Act and the Tennessee Bad Faith Refusal to Pay.

5.     Defendant be taxed with the cost of this civil action.

6.     Defendant pay treble damages under the Consumer Protection Act.

7.     Defendant pay a penalty of twenty-five (25%) percent above its actual liability pursuant to the bad faith refusal to pay statute.

8.     Defendant pay punitive damages.

9.     Plaintiff recover both pre- and post-judgment interest.

10.     Plaintiff recover all other damages allowed under Tennessee law.

11.     Discretionary cost as authorized by the rules of law.

12.     Further and general relief as justice may require.

13

09919-68673 (BDB)

Respectfully submitted,

**RAINEY, KIZER, REVIERE & BELL, P.L.C.**

By: _____

BRADFORD D. BOX (BPR No. 016596)
NATHAN E. SHELBY (BPR No. 026583)
Attorneys for Plaintiffs
209 East Main Street
P.O.Box 1147
Jackson, TN 38302-1147
(731) 423-2414

14

09919-68673 (BDB)

## COST BOND

This firm stands as sureties for costs in this matter not to exceed $1,000.00.

BRADFORD D. BOX
NATHAN E. SHELBY

15